**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JASON FREGIA** | § | |
| | § | |
| **V.** | § | **A-17-CV-1032-LY** |
| | § | |
| **ANN BRIGHT, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Summary Judgment (Dkt. No. 67) and

Plaintiff's Response (Dkt. Nos. 68). The District Court referred the above-motion to the undersigned

Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of

Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Jason Fregia originally filed suit in the Eastern District of Texas, suing a number

of defendants from the Texas Parks and Wildlife Department (TPWD).  In this suit, he alleged a

variety of claims, including First Amendment and Due Process violations, conspiracy to violate his

civil rights, injunctive relief regarding the closing of the Rollover Pass, and false arrest.  After Fregia

filed two amended complaints and all Defendants moved to dismiss, the court in the Eastern District

of Texas decided  to take three actions: (1) transfer all claims regarding the Rollover Pass to the

Southern District of Texas; (2) transfer the claim for false/unlawful arrest and the accompanying

motion to amend the complaint to this District; and (3) dismiss all other claims.  Accordingly, this

Court has before it Fregia's claim for false/unlawful arrest and Fregia's motion for leave to amend

for a third time to add a claim for malicious prosecution.  Dkt. No. 62.  On the latter motion,

considering the briefing, Judge Yeakel denied the motion to amend. As such, all that remains is Fregia's claim for false/unlawful arrest.

The facts as alleged by Fregia are convoluted, and a full recitation is unnecessary here. Essentially, Fregia wished to obtain a permit to sell American eel from his farm, and contacted the TPWD. Fregia alleges that the TPWD began harassing him after he petitioned for the right to sell American eel. Fregia claims that game wardens—including Michael Boone—and police officers entered his property without permission, threatened him, and at one point assaulted him. Fregia contends that two unidentified persons—that he claims either *were* the game wardens, or were associated with them—entered his property and attempted to assault him. Dkt. No. 28 at 6. As they were leaving, they allegedly told Fregia "that next time they were bringing body bags." *Id.* Fregia states that he responded that they should bring body bags, "because [he] was not backing down." *Id.* Shortly after this event, a warrant was issued for Fregia's arrest for obstruction and retaliation, claiming that he threatened Boone with the quoted statement. *Id.* at 6–7. He was arrested on January 14, 2015. Fregia now asserts that he was unlawfully arrested.

## II. LEGAL STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. ANALYSIS

Fifth Circuit precedent recognizes a cause of action under 42 U.S.C. §1983 for false arrest. *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir.2004). To establish his claim for false arrest, Fregia must plead facts showing that he was "arrested without probable cause in violation of the Fourth Amendment." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) (internal quotations omitted). Here, it is clear that Fregia's claim for false arrest should be dismissed. At no point does Fregia

allege that the arrest was made without probable cause. The sole allegation of the Complaint about the false arrest claim is that he was arrested "pursuant to a warrant . . . on allegations that [Fregia] had said he was bringing body bags next time." Dkt. No. 28 at 6-7. Thus, not only does Fregia not deny that he made the statements leading to the charge and arrest warrant, he admits it: "Plaintiff responded on December 28, 2014 to the unidentified persons that next time they should bring their body bags because Plaintiff was not backing down." *Id.* at 6.

One of the bases on which TPWD moves for summary judgment is that a neutral magistrate reviewed the affidavits presented to him and authorized the issuance of a warrant for Fregia's arrest, thereby breaking the causal chain between TPWD and Fregia's arrest. Fregia responds to the motion with a number of new alleged facts (none of which were included in his three complaints).[1] First, he claims that the warrant was based on "the message left on TPWD Internal affairs voice mail and false statements" by several employees. Dkt. No. 68 at 2. He also clarifies that he was indicted on March 13, 2015, though the charges were ultimately dismissed on June 8, 2018. *Id.* If facts supporting an arrest are placed before an independent intermediary like a magistrate, and that intermediary finds probable cause to support the charge, the intermediary's decision breaks the chain of causation for constitutional violations and insulates the initiating party. *Shields,* 389 F.3d at 150. However, the causal chain can remain intact if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th

_____

[1]In his response to the Motion for Summary Judgment, Fregia once again attempts to state a claim for malicious prosecution. Most of the new facts alleged are those he likely would have included in his fourth complaint if that had been allowed. He also appears to try to reassert the dismissed First and Fourteenth Amendment claims. Because these claims have already been rejected by the Court, these issues need not be addressed in this Report and Recommendation.

Cir.1988)). To keep the causal chain intact, it is not sufficient that an officer acted with malice in procuring a warrant. *Hand,* 838 F.2d at 1427. Rather, it must be shown that the officer's malicious motive led him to withhold relevant information from the intermediary. *Id.* at 1428. While an affidavit need not be perfect, if "the affidavit, supplemented by the omissions, would not be sufficient to support a finding of probable cause" then a constitutional violation is stated. *United States v. Brown*, 298 F.3d 392, 413 (5th Cir.2002).

Here, the TPWD attached the affidavits of the officers to the motion. These affidavits repeat the allegations that Fregia threatened Boone—which Fregia never denies—and include a number of emails between Fregia and various employees at the TPWD. Dkt. No. 67-1. On the other hand, Fregia conclusorily asserts that the officers lied in their affidavits. However, he offers no summary judgment proof of this. None of Fregia's allegations point to any genuine issues of material fact that there were false statements in the affidavits supporting the warrant, so as to taint the magistrate's finding of probable cause. Indeed almost all of the facts relate to his allegation of malicious prosecution. Accordingly, even assuming the officers lacked probable cause for arrest, the causal chain was broken by the issuance of the arrest warrant, and Fregia's claim for false arrest should be dismissed.

## III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the Court **GRANT** Defendants' Motion for Summary Judgment (Dkt. No. 67) and dismiss all remaining claims with prejudice.

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir.1996) (en banc).

SIGNED this 15th day of October, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE